UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY LAWRENCE | CIVIL ACTION |
| VERSUS | NO. 12-2816 |
| SHERIFF MARLIN N. GUSMAN, MEDICAL DEPARTMENT | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

The defendants, Orleans Parish Sheriff Marlin N. Gusman and Dr. Samuel Gore, filed a **Motion to Dismiss or, in the Alternative, Continue Trial (Rec. Doc. No. 17)**. The defendants contend that the plaintiff's claims against them should be dismissed for his failure to prosecute and to comply with the Court's scheduling order. Alternatively, the defendants request that the trial be continued because they have been unable to prepare for trial without the plaintiff's witness list.

### I.     Factual and Procedural Background

The plaintiff, Anthony Lawrence ("Lawrence"), filed *pro se* an *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 seeking relief for the conditions of his confinement in the Orleans Parish Prison system. He alleged that he had just had surgery and was using a colonoscopy bag with a catheter. He claimed that, at the time, he was sleeping on the floor in the prison and was unable to get the medical supplies he needed. He complained that he was in pain and feeling bad most of the time and emitted a smell. He sought monetary damages and medical care.[1]

---

[1] Lawrence reiterated his claims at the *Spears* Hearing held January 10, 2013. Rec. Doc. No. 6.

Following the scheduling conference held April 2, 2013, pursuant to Fed. R. Civ. P. 16, the Court set the non-jury trial to be held on December 2, 2013, and ordered, *inter alia*, that, 60 days prior to trial, the parties were to file into the record and serve the opponent with a list of witnesses and exhibits which may or will be presented at trial. Rec. Doc. No. 14. The defendants filed their lists in October 3, 2013. Rec. Doc. No. 16.

## II.     The Defendants' Motion to Dismiss

In this motion, the defendants argue that the plaintiff failed to serve or file a witness and exhibit list as required by the Court's scheduling order. The defendants contend that this constitutes a failure to comply with the Court's order and has prejudiced their ability to prepare for trial. The defendants, therefore, seek dismissal of Lawrence's complaint under Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37 with prejudice due to his failure to present the witness and exhibit list and further prosecute his case. Alternatively, the defendants request a continuance to allow them time to prepare for trial should a witness and exhibit list be presented by the plaintiff. Lawrence has not filed an opposition to the defendants' motion.

## III.    Law and Analysis

A district court has broad discretion in formulating sanctions for a violation of its scheduling and pretrial orders. *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 536 (5th Cir. 2010) (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). Under Fed. R. Civ. P. 16(f), the district court may issue sanctions, including those authorized under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a scheduling order. The available sanctions allowed by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) are as follows:

(b)     Failure to Comply with a Court Order.
        [. . .]

>  (2)   Sanctions in the District Where the Action Is Pending.
>  (A)   For Not Obeying a Discovery Order.  If a party [. . .] fails to obey an order to provide or permit discovery [. . .] the court where the action is pending may issue further just orders.  They may include the following: [. . .]
>  >  (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>  >  (iii)  striking pleadings in whole or in part;
>  >  (iv)  staying further proceedings until the order is obeyed;
>  >  (v)   dismissing the action or proceeding in whole or in part;
>  >  (vi)  rendering a default judgment against the disobedient party;
>  >  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

As indicated, one of the sanctions available to a district court is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *McGillivray*, 360 F. App'x at 536. Dismissal with prejudice as a sanction, however, is a remedy of last resort only to be applied in extreme circumstances. *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 430 (5th Cir. 1987); *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985).  Dismissal is a serious sanction that implicates due process.  *See*, *e.g.*, *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).  Moreover, "[t]he imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Dismissals with prejudice are reserved for the most egregious cases, where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.  *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997).  The aggravating factors include the following: (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant.  *Id.*

Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not from an inability to comply, and is accompanied by a clear record of delay or contumacious conduct. The conduct also must substantially prejudice the opposing party. Furthermore, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Fed. R. Civ. P. 37. *U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

The Court finds that the record does not warrant the sanction of dismissal as an immediate remedy to plaintiff's failure to file a witness and exhibit list. In fact, the Court's Rule 16 scheduling order provides for another, less severe remedy:

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

Minute Entry, Record Document 14, page 2.

The indicated sanction will be more than adequate to penalize the plaintiff for his failure to comply with the Court's scheduling order. Without a showing of good cause, the plaintiff will not be allowed to call any witness not previously provided to the defendants.

In addition, the Court does not find at this time that the defendants have established a prejudice requiring a continuance of the non-jury trial scheduled for December 2, 2013. Instead, the indicated sanction, without a showing of good cause by plaintiff, is adequate to correct the defendant's claimed inability to prepare for trial.

Furthermore, the defendants have not indicated an inability to complete other preparation or discovery that would have been available only through plaintiff. For example, the prison medical and administrative records necessary to demonstrate the fact and adequacy of any medical treatment

and provisions given to plaintiff to remedy his alleged medical needs are the defendants' records. The likely witnesses with knowledge of any such treatment and provisions also would likely be on staff at the prison or at least known to the defendants. Without something more, the Court does not find that a continuance is warranted to allow the defendants to adequately prepare and defend against the plaintiff's claims. Accordingly,

**IT IS ORDERED** that defendants' **Motion to Dismiss or, in the Alternative, Continue Trial (Rec. Doc. No. 17)** is **DENIED**.

New Orleans, Louisiana, this 18th day of November, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**